UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | No. 19-20322 |
|       Plaintiff, | Hon. Arthur J. Tarnow |
| v. | |
| | Offenses: |
| D-16 Eleazar Lopez, | 21 U.S.C. § 846 |
|     a/k/a "Chili Bean" | Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances |
|     Defendant. | (Count 1) |
| | |
| | 18 U.S.C. § 1956(h) |
| | Conspiracy to Commit Money Laundering |
| | (Count 10) |
| | |
| | **Maximum Penalty:** |
| | Count 1: 10 years to life |
| | Count 10: Up to 20 years |
| | |
| | **Maximum Fine:** |
| | Not to exceed $10,000,000 |
| | |
| | **Mandatory Supervised Release:** |
| | At least 5 years |

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant, Eleazar Lopez, and the government agree as follows:

1. **Guilty Plea**

    A. **Counts of Conviction**

    Defendant will enter a plea of guilty to Counts One and Ten of the Superseding Indictment, which charges him with conspiracy to distribute and possess with intent to distribute controlled substances and conspiracy to commit money laundering, in violation of 21 U.S.C. §§ 846, 841 and 18 U.S.C. § 1956(h).

| Count | Offense | Statute | Controlled Substance |
|---|---|---|---|
| 1 | Conspiracy to Distribute, and to Possess with Intent to Distribute, Controlled Substances | 21 U.S.C. § 846 and § 841(b)(1)(B)(i),(ii), (iv) | 1 kg or more of heroin; 5 kg or more of cocaine; 400 grams or more of fentanyl |
| 10 | Conspiracy to Commit Money Laundering | 18 U.S.C. § 1956(h) | |

    B. **Elements of Offenses**

    The elements of Count One are as follows:

    1. The defendant knowingly and intentionally entered into an agreement with others; and

    2. The purpose of the agreement was to distribute one or more controlled substances, specifically one kilogram or more of a mixture or substance containing heroin, five kilograms or more of a mixture or substance containing cocaine, and 400 grams or more of a mixture and

- 2 -

substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl.

The elements of Count Ten are as follows:

1. The existence of an agreement between two or more people to commit the crime of money laundering—that is, to transport, transmit, and transfer monetary instruments or funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity (*i.e.*, the distribution of controlled substances); and

2. The defendant knew of the conspiracy and voluntarily participated in it.

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty pleas to Counts One and Ten:

The defendant conspired to distribute heroin, heroin mixed with fentanyl, and cocaine, in Oakland County and elsewhere between 2015 and 2019. The defendant facilitated the supply of heroin, heroin and fentanyl and cocaine from Mexican sources to Defendant Neil Thomas in Arizona. Thomas then shipped the drugs from Arizona to Michigan where other members of his conspiracy mixed the heroin and

fentanyl and pressed it into circles or squares using a large press. The heroin and fentanyl would be delivered in the form of 100 gram "pucks" to conspirators in Michigan and other locations around the country. The group distributed at least 10-30 kilograms of heroin and at least 4 kilograms of fentanyl during the defendant's involvement in the conspiracy.

On May 17, 2019, law enforcement executed a search warrants at various residences in Michigan, West Virginia, Tennessee, Kentucky and Indiana that resulted in the recovery of controlled substances including heroin, cocaine and fentanyl, packaging materials, scales, presses, cellular telephones and documents all related to the ongoing drug conspiracy.

Prior to the Defendant's arrest, law enforcement officers searched another one of the locations used by the conspiracy to store and process controlled substances, an apartment building located at 1541 Root Street, Flint, Michigan. On September 7, 2018 alone, police searched the apartments and found two kilograms of heroin, 1.7 kilograms of methamphetamine, fentanyl, and cocaine. In addition, police found a large industrial press in the apartment used by the defendant's co-conspirators to compress the drugs into a circle shape, as well as U.S. Postal Mail labels and receipts for locations linked to the conspiracy.

Other evidence recovered during the investigation from 2017 to 2019 and during the execution of search warrants in May of 2019 included the seizure of

controlled substances from various locations connected to the conspiracy as well as hundreds of thousands of dollars in U.S. currency. The parties stipulate that the money seized was generated as a result of the illegal drug sales and intended to pay for previously obtained controlled substances that had been sold, or to purchase more controlled substances to sell. Further, that funds were sent, delivered or otherwise given to Defendant to pay for the narcotics.

Defendant Lopez agrees that he is responsible for 10-30 kilograms of heroin and 4-12 kilograms grams of fentanyl distributed during the conspiracy for purposes of sentencing guidelines, and as a participant in it.

2. **Sentencing Guidelines**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Agreed Guideline Range**

   There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range for Counts One and Ten is **87-108 months (7 years, 3 months to 9 years)**. The Defendant also understands that a conviction on **Count 1** requires a **120 month (10 year)** mandatory minimum sentence. Notwithstanding the above, if the Court finds at or before the time of the sentencing that the defendant qualifies for safety valve, 18 U.S.C. § 3553(f), the sentencing guideline range is **70 months (5 years, 10 months) to 87 months (7 years, 3 months)** as set

forth on the attached worksheets. The government believes, based on the information known at this time, the defendant is eligible for the safety valve if he provides a full and truthful proffer prior to his sentencing hearing. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **70-87 months**, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets,

except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B. However, the Court **must impose** a sentence of imprisonment on Count One Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances and Possession with Intent to Distribute Controlled Substances) of **at least 10 years**, unless the Court finds that the defendant qualifies for a sentence below this mandatory minimum under the safety valve, 18 U.S.C. § 3553(f). The defendant acknowledges that the decision of whether or not he is eligible for the safety valve will be made by the Court and a finding that the defendant does not qualify is not a basis to withdraw from the instant Rule 11 agreement.

B. **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case is 5 years. The

agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of $200.00. The defendant is required to pay the special assessment immediately after sentence is imposed, and provide a receipt to the United States Attorney's Office within 24 hours of sentencing. The defendant is encouraged to voluntarily pay the special assessment before sentencing and bring the receipt to sentencing.

D. **Fine**

There is no agreement as to fines.

4. **Forfeiture**

Defendant agrees, pursuant to 21 U.S.C. § 853 and/or 18 U.S.C. § 982(a), to forfeit to the United States any property constituting, or derived from, any proceeds which Defendant obtained, directly or indirectly, as the result of his violation of Counts One and Ten of the Superseding Indictment, and any property which Defendant used or intended to be used to in any manner or part to commit or to facilitate the commission of Counts One or Ten.

Forfeiture Money Judgment. Defendant agrees to the entry of a personal forfeiture money judgment against him in favor of the United States in an amount

representing the proceeds Defendant obtained as a result of his violation of Count One of the Superseding Indictment. The amount of the forfeiture money judgment will be agreed upon by the parties, or alternatively decided by the court, at or before Defendant's sentencing. To satisfy the money judgment, Defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise

Defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property and forfeiture money judgment following Defendant's guilty plea, upon application by the United States as mandated by Fed.R.Crim.P. 32.2. Defendant agrees that the forfeiture order will become final as to Defendant at the time entered by the Court.

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed.R.Crim.P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J).

Defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the currency described above.

Defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

5. **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6. **Other Charges**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.

7. **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

8. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by paragraph 2B above, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least the minimum of the guideline range determined by paragraph 2B above, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

9. **Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10.  **Collateral Consequences of Conviction**

Defendant understands that his convictions here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court,

can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

11. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

12. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

13. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 10/1/2020. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney

_____
Julie A. Beck
Assistant United States Attorney
Chief, Drug Task Force

_____
John N. O'Brien II
Assistant United States Attorney

_____
Timothy P. McDonald
Assistant United States Attorney

//

//

//

- 14 -

Date: 07/26/2021

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____  
Jason D. Lamm  
Attorney for Defendant  

8/12/2021  
Date

_____  
Eleazar Lopez  
Defendant  

8/12/2021  
Date